TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
Special Assistant United States Attorney
General Crimes Section
      1200 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-2238
      Facsimile: (213) 894-0141
      E-mail:    kyle.kahan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                v.<br><br>JAHMAL THEODIS WINSTON,<br><br>                Defendant. | No. CR 19-756(A)-JAK-3<br><br>PLEA AGREEMENT FOR DEFENDANT<br>JAHMAL THEODIS WINSTON |

1.   This constitutes the plea agreement between JAHMAL THEODIS WINSTON ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

        a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts four, eighteen, and nineteen of the first superseding indictment in United

JSC

States v. Jahmal Theodis Winston, CR No. 19-756(A)-JAK-3, which charge defendant with Bank Fraud in violation of 18 U.S.C. 1344(2) (counts four and eighteen) and Aggravated Identity Theft in violation of 18 U.S.C. 1028A(a)(1) (count nineteen).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Promptly make restitution and not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

h.    Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all

of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

j.   Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

k.   Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

l.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to

1  and including the time of sentencing, recommend a two-level reduction

2  in the applicable Sentencing Guidelines offense level, pursuant to

3  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

4  additional one-level reduction if available under that section.

5      4.   Not object to a request from defendant, if any, for

6  concurrent sentencing on any undischarged term of imprisonment in

7  People v. Jahmal Winston, San Francisco Superior Court Case Nos.

8  20006285 and 21005556.

9  NATURE OF THE OFFENSES

10      5.   Defendant understands that for defendant to be guilty of

11  the crime charged in counts four and eighteen, that is, Bank Fraud,

12  in violation of Title 18, United States Code, Section 1344(2), the

13  following must be true: (1) defendant knowingly carried out a scheme

14  or plan to obtain money from a financial institution by making false

15  statements or promises; (2) defendant knew that the statements or

16  promises were false; (3) the statements or promises were material,

17  that is, they had a natural tendency to influence, or were capable of

18  influencing, a financial institution to part with money or property;

19  (4) defendant acted with the intent to defraud; and (5) the financial

20  institution was federally insured.

21      6.   Defendant understands that for defendant to be guilty of

22  the crime charged in count nineteen, that is, Aggravated Identity

23  Theft, in violation of Title 18, United States Code, Section

24  1028A(a)(1), the following must be true: (1) defendant knowingly

25  transferred, possessed, or used without legal authority a means of

26  identification of another person; (2) defendant knew that the means

27  of identification belonged to a real person; and (3) defendant did so

28  during and in relation to bank fraud.

4

PENALTIES AND RESTITUTION

7.   Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 1344(2), is: 30 years' imprisonment; a five-year period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 1028A, as charged in count nineteen of the first superseding indictment is a two-year term of imprisonment, which must run consecutive to any other sentence of imprisonment, and a mandatory special assessment of $100.

9.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 62 years' imprisonment; a five-year period of supervised release; a fine of $2,000,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $300.

10.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any

losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $35,540, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

11.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

12.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a

professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

13.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

14.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the

underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on or around July 29, 2015, and continuing to on or around April 10, 2016, in Orange and Los Angeles Counties, within the Central District of California, defendant knowingly and with intent to defraud executed a scheme to defraud and obtain money from Bank of America, a federally insured financial institution, by means of materially false and fraudulent statements and promises.  During and in relation to the scheme, defendant knowingly transferred, possessed, and used without legal authority a means of identification of another person.  With knowledge of a unique programming feature of Bank of America's Automated Teller Machines ("ATMs"), which the bank has since changed, defendant loitered around Bank of America ATMs at various bank branches throughout Southern California.  While doing so, defendant secretly watched as bank customers conducted transactions at the ATMs using their Bank of America ATM cards.

Defendant's purpose was to observe as bank customers entered their unique personal identification number ("PIN"), initially in conjunction with their ATM cards, to gain access to their accounts through a Bank of America ATM.  After misappropriating the ATM PIN of an unwitting bank customer, defendant would then wait for the customer to complete the transaction and walk away from the ATM.  If the customer failed to hit a digital button that terminated all ATM access to the customer's account, defendant would access the customer's bank account, without authorization, by immediately going to the ATM, hitting a button that requested another transaction, and then re-entering the stolen PIN.  Defendant thereby falsely represented himself to be the actual bank customer who was entitled

to withdraw money from the bank account associated with the customer's ATM card and PIN.  These false representations were material to Bank of America, that is, they had a natural tendency to influence and were capable of influencing, Bank of America to part with money.  After fraudulently gaining access to the customer's account, defendant would then execute, and attempt to execute, multiple fraudulent and unauthorized withdrawals of cash from the customer's Bank of America account.

During the course of the scheme, defendant made fraudulent and unauthorized cash withdrawals from approximately 62 separate customer accounts and thereby stole at least approximately $35,540 from Bank of America.  Among other transactions, defendant knowingly, and with intent to defraud, executed the following unauthorized ATM cash withdrawals using a misappropriated ATM PIN: On August 26, 2015, defendant made $200 in unauthorized cash withdrawals from the account of Bank of America customer E.G.L. using a Bank of America ATM located in Hollywood, California.  As part of this transaction, defendant knowingly used, and without lawful authority, a means of identification belonging to E.G.L., namely an ATM card PIN and, in conjunction therewith, an ATM card and its encoded card and account numbers.

Additionally, on January 14, 2016, defendant made $800 in unauthorized cash withdrawals from the account of Bank of America customer I.R.F. using a Bank of America ATM located in Van Nuys, California.

<u>SENTENCING FACTORS</u>

15.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing

9

Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

16.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Loss Exceeding $15,000 But Less Than $40,000: | +4 | U.S.S.G. § 2B1.1(b)(1)(C) |
| Offense Involved 10 or More Victims: | +2 | U.S.S.G. § _2B1.1(b)(2)(A) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that the Court must sentence defendant to a term of two-years imprisonment on count nineteen, which must run consecutive to any term of imprisonment imposed for count four.

17.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19. Defendant understands that by pleading guilty, defendant gives up the following rights:

　　　　a.　The right to persist in a plea of not guilty.

　　　　b.　The right to a speedy and public trial by jury.

　　　　c.　The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

　　　　d.　The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

　　　　e.　The right to confront and cross-examine witnesses against defendant.

　　　　f.　The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

　　　　g.　The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

　　　　h.　Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

1

## WAIVER OF APPEAL OF CONVICTION

2     20.   Defendant understands that, with the exception of an appeal
3  based on a claim that defendant's guilty pleas were involuntary, by
4  pleading guilty defendant is waiving and giving up any right to
5  appeal defendant's convictions on the offenses to which defendant is
6  pleading guilty.  Defendant understands that this waiver includes,
7  but is not limited to, arguments that the statutes to which defendant
8  is pleading guilty are unconstitutional, and any and all claims that
9  the statement of facts provided herein is insufficient to support
10  defendant's pleas of guilty.

11

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

12     21.   Defendant agrees that, provided the Court, before
13  imposition of the mandatory consecutive sentence of two years'
14  imprisonment on count nineteen, imposes a total term of imprisonment
15  within or below the range corresponding to an offense level of 11 and
16  the criminal history category calculated by the Court, defendant
17  gives up the right to appeal all of the following: (a) the procedures
18  and calculations used to determine and impose any portion of the
19  sentence; (b) the term of imprisonment imposed by the Court; (c) the
20  fine imposed by the Court, provided it is within the statutory
21  maximum; (d) to the extent permitted by law, the constitutionality or
22  legality of defendant's sentence, provided it is within the statutory
23  maximum; (e) the amount and terms of any restitution order, provided
24  it requires payment of no more than $35,540; (f) the term of
25  probation or supervised release imposed by the Court, provided it is
26  within the statutory maximum; and (g) any of the following conditions
27  of probation or supervised release imposed by the Court: the
28  conditions set forth in Second Amended General Order 20-04 of this

Court; the drug testing conditions mandated by 18 U.S.C.

§§ 3563(a)(5) and 3583(d); and (h) the alcohol and drug use

conditions authorized by 18 U.S.C. § 3563(b)(7).

22.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) before imposition of the mandatory consecutive sentence of two years' imprisonment on count nineteen, the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 11 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $35,540.

<u>WAIVER OF APPEAL AND COLLATERAL ATTACK</u>

23.  Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, including, to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $35,540; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and (g)

1   the alcohol and drug use conditions authorized by 18 U.S.C.

2   § 3563(b)(7).

3       24.   Defendant also gives up any right to bring a post-

4   conviction collateral attack on the convictions or sentence,

5   including any order of restitution, except a post-conviction

6   collateral attack based on a claim of ineffective assistance of

7   counsel, a claim of newly discovered evidence, or an explicitly

8   retroactive change in the applicable Sentencing Guidelines,

9   sentencing statutes, or statutes of conviction.   Defendant

10  understands that this waiver includes, but is not limited to,

11  arguments that the statutes to which defendant is pleading guilty are

12  unconstitutional, and any and all claims that the statement of facts

13  provided herein is insufficient to support defendant's pleas of

14  guilty.

15      25.   This agreement does not affect in any way the right of the

16  USAO to appeal the sentence imposed by the Court.

17               <u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

18      26.   Defendant agrees that if, after entering guilty pleas

19  pursuant to this agreement, defendant seeks to withdraw and succeeds

20  in withdrawing defendant's guilty pleas on any basis other than a

21  claim and finding that entry into this plea agreement was

22  involuntary, then (a) the USAO will be relieved of all of its

23  obligations under this agreement; and (b) should the USAO choose to

24  pursue any charge that was either dismissed or not filed as a result

25  of this agreement, then (i) any applicable statute of limitations

26  will be tolled between the date of defendant's signing of this

27  agreement and the filing commencing any such action; and

28  (ii) defendant waives and gives up all defenses based on the statute

                              14

of limitations, any claim of pre-indictment delay, or any speedy
trial claim with respect to any such action, except to the extent
that such defenses existed as of the date of defendant's signing this
agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

27.  Defendant agrees that if any count of conviction is
vacated, reversed, or set aside, the USAO may: (a) ask the Court to
resentence defendant on any remaining counts of conviction, with both
the USAO and defendant being released from any stipulations regarding
sentencing contained in this agreement, (b) ask the Court to void the
entire plea agreement and vacate defendant's guilty pleas on any
remaining counts of conviction, with both the USAO and defendant
being released from all their obligations under this agreement, or
(c) leave defendant's remaining convictions, sentence, and plea
agreement intact.  Defendant agrees that the choice among these three
options rests in the exclusive discretion of the USAO.

### EFFECTIVE DATE OF AGREEMENT

28.  This agreement is effective upon signature and execution of
all required certifications by defendant, defendant's counsel, and an
Assistant United States Attorney.

### BREACH OF AGREEMENT

29.  Defendant agrees that if defendant, at any time after the
signature of this agreement and execution of all required
certifications by defendant, defendant's counsel, and an Assistant
United States Attorney, knowingly violates or fails to perform any of
defendant's obligations under this agreement ("a breach"), the USAO
may declare this agreement breached.  All of defendant's obligations
are material, a single breach of this agreement is sufficient for the

15

USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas; and (b) the USAO will be relieved of all its obligations under this agreement.

30.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

evidence derived from the statements should be suppressed or are inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

31. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

32. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

33. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

34.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

18

1        <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        35.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   TRACY L. WILKISON
    United States Attorney

9

10  *Kyle Kahan*                          December 10, 2021
    _____              _____
    KYLE W. KAHAN                         Date
11  Special Assistant United States
    Attorney
12
                                          12/2/2021
13  _____              _____
    JAHMAL THEODIS WINSTON                Date
14  Defendant

                                          12-2-21
15  _____              _____
    STEPHEN G. FRYE                       Date
16  Attorney for Defendant JAHMAL
    THEODIS WINSTON

17

18

19

20

21

22

23

24

25

26

27

28

                              19

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

JAHMAL THEODIS WINSTON
Defendant

12/22/2021
Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JAHMAL THEODIS WINSTON's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

| | |
|---|---|
| _____ | _12-2-21_____ |
| STEPHEN G. FRYE | Date |
| Attorney for Defendant JAHMAL | |
| THEODIS WINSTON | |